

BAR/NFP: USAO 2024R00121

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG24CR170 |
| | * | |
| ALLAN TYLER HALL, | * | (Possession of a Machinegun, |
| | * | 18 U.S.C. § 922(o); Forfeiture, |
| Defendant | * | 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

### INDICTMENT

### COUNT ONE
### (Possession of a Machinegun)

The Grand Jury for the District of Maryland charges that:

On or about January 21, 2024, in the District of Maryland, the defendant,

**ALLAN TYLER HALL,**

knowingly possessed a machinegun, as defined by 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b), that is, a Polymer80 .40 caliber semi-automatic pistol, bearing no apparent serial number, with a full-automatic switch installed.

18 U.S.C. § 922(o)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**ALLAN TYLER HALL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following:

   a. a Polymer80 .40 caliber semi-automatic pistol, bearing no apparent serial number, equipped with a full-automatic switch, recovered during a traffic stop in Seat Pleasant, Maryland on January 21, 2024; and

   b. approximately 19 rounds of .40 caliber ammunition contained in the Polymer80, .40 caliber semi-automatic pistol.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney


A TRUE BILL:

**SIGNATURE REDACTED**
_____
Foreperson

5-23-24
_____
Date

3